```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
              CENTRAL DIVISION AT LEXINGTON
```

TROY GARDNER,                     )
                                  )
    Petitioner,                   )  Civil Action No. 12-349-JMH
                                  )
V.                                )
                                  )
UNITED STATES OF AMERICA,         )  **MEMORANDUM OPINION**
                                  )  **AND ORDER**
    Respondent.                   )

                    **** **** **** ****

      Troy Gardner is an inmate confined at the Grayson County Detention Center in Leitchfield, Kentucky. Proceeding without counsel, Gardner has filed a "Motion for 28 U.S.C. § 2241," which the Clerk of the Court has docketed as a new civil action seeking a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

      In his two-page petition, Gardner references "Case No. 09-147-KKC" and contends that his "release date is wrong" because, under 18 U.S.C. § 3585, he should get credit from the time of his arrest because he was not serving any other sentence at the time. [R. 1] Gardner has not paid the $5.00 habeas filing fee or filed a motion to waive payment of it. In light of Gardner's reference to "Case No. 09-147-KKC" in the caption of his motion, it is unclear whether Gardner intended to file it as a motion in his criminal case before this Court, or as a separate habeas proceeding. In either event, the petition must be denied for the reasons stated below.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at *1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On October 1, 2009, Gardner was indicted on various drug trafficking and firearms offenses by a federal grand jury in this district. Pursuant to a written plea agreement, Gardner pled guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. 841(a)(1), and on December 9, 2010, was sentenced to a 42-month term of incarceration to be served concurrently with the judgment imposed by the Circuit Court of Fayette County, Kentucky, in Case No. 08-CR-1122. *United States v. Gardner*, 09-CV-147-KKC (E.D. Ky. 2009).

On June 11, 2012, Gardner filed a motion to vacate the judgment pursuant to 28 U.S.C. § 2255 in that case. [R. 138 therein] The first claim he asserted in that motion is the same one he asserts in his petition: "I did not receive jail credit for the time I spent on this federal charge that was at first a state charge." [*Id.*, p. 4] In response, the United States indicated that such a claim must be brought in a § 2241 petition. [R. 161 therein, p. 8] The government also noted that such a petition must be filed in the Western District of Kentucky, the district where Gardner is incarcerated. [*Id.*]

To the extent Gardner intended to file his motion for relief in his criminal case, the government was correct that his challenge to the Bureau of Prisons' calculation of his sentence, including credits for pre-custody incarceration under 18 U.S.C. § 3585, must be pursued in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Cf. Householder v. Shartle*, 2010 WL 3515669, at *2 (N.D. Ohio Sept. 3, 2010) ("For prisoners seeking to challenge the 'legality or duration' of confinement, habeas corpus proceedings are the proper mechanism.") (*citing Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); *Broadwater v. Sanders*, 59 F. App'x 112 (6th Cir. 2003).

If Gardner instead intended to file a habeas corpus petition pursuant to § 2241, the United States was likewise correct that it must be filed in the federal district where he is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language

of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.") Gardner is incarcerated in the Grayson County Detention Center in Leitchfield, Kentucky. Grayson County, Kentucky, falls within the Owensboro Division of the Western District of Kentucky. 28 U.S.C. § 97(b); Local Rule 3.1(b)(3). Accordingly, this Court lacks jurisdiction to entertain a habeas petition under § 2241 over a nonresident custodian, and the petition must be denied without prejudice.

Gardner is also advised that, before he may file a habeas corpus petition under § 2241, he must first exhaust his administrative remedies by filing a grievance with the BOP and pursuing all administrative appeals. *Fazzini v. Northeast Ohio. Corr. Center*, 473 F.3d 229, 232 (6th Cir. 2006); *see* BOP Program Statement 1330.16.

Accordingly, **IT IS ORDERED** that:

1. Troy Gardner's petition for a writ of habeas corpus [R. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This the 3rd day of December, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge